# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MILISSA MAZZITELLI,**

      **Plaintiff,**          Case No.:

v.

**SUN PRINT MANAGEMENT, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MILISSA MAZZITELLI, by and through her undersigned counsel and sues the Defendant, SUN PRINT MANAGEMENT, LLC (hereinafter referred to "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, MILISSA MAZZITELLI, is an adult resident of Pasco County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

4. Defendant, SUN PRINT MANAGEMENT, LLC, is a Florida Limited Liability Company authorized and doing business in this Judicial District. At all times material, SUN PRINT MANAGEMENT, LLC, employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. On May 26, 2020, Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. On January 20, 2021, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff is a 35-year-old lesbian female and practicing Catholic.

13. On approximately May 7, 2017, Plaintiff began her employment with Defendant as an Administrator. Plaintiff performed her job well and did not have any documented discipline until she reported harassment and discrimination in the workplace.

14. On March 6, 2019 (Ash Wednesday), Plaintiff returned to work after attending Catholic mass, still wearing her ashes. Plaintiff's co-worker, Judy

Oswald, saw Plaintiff's ashes and said to another co-worker, Jason McGonnell: "why would she have that on her forehead? She is going to hell because she is a lesbian."

15. Plaintiff's co-worker, Noemi Carrero, overheard the discriminatory comment and emailed Nikolle Smith (Vice President of Operations) to oppose the behavior.

16. Smith spoke with Plaintiff by phone and asked if Plaintiff heard anything inappropriate said about her. Before Plaintiff answered, Smith told Plaintiff to be honest. Plaintiff told Smith that she overheard Oswald make the statement in paragraph 14.

17. Smith told Plaintiff that she would address the issue immediately unless Jack Thompson (Chief Financial Officer) did not address it before she returned to the office. No one followed up with Plaintiff and Plaintiff is unaware if anyone addressed the issue.

18. In or around September 2019, Jason McGonnell began sexually harassing Plaintiff on a consistent, nearly daily basis.

19. McGonnell made comments about Plaintiff's breasts and buttocks and talked about how he wanted to be in a relationship with Plaintiff. Examples of the repeated comments, include, but are not limited to:

    a.    McGonnell told Plaintiff how good her breasts looked in the shirts she wore;

    b.    McGonnell told Plaintiff that he liked certain shirts that she wore because they made Plaintiff's "boobs look bigger";

    c.    McGonnell told Plaintiff that her "ass" looked good in the jeans that she wore;

    d.    McGonnell told Plaintiff that she was "beautiful" and "smell[ed] good";

    e.    McGonnell said that it was "too bad" that Plaintiff was gay;

    f.    McGonnell said "damn Milissa, it's a shame you like women"; and

    g.    McGonnell said that the reason Plaintiff was having heart issues was because he made Plaintiff's "heart race" with all of his flattering comments.

20. Plaintiff repeatedly told McGonnell to stop the harassment, but he refused.

21. As a result, in or around October 2019, Plaintiff reported the sexual harassment to Bill Crane (National Technical Supervisor). Crane told Plaintiff that he would "handle it."

22. To Plaintiff's understanding, Crane contacted Gina Smith (Project Manager), who in turn informed Nikolle Smith, who then informed Thompson.

23. Crane got back to Plaintiff and only told Plaintiff that Thompson spoke with McGonnell; however, Crane did not provide Plaintiff with any details or whether McGonnell was facing any consequences.

24. The only other time that Plaintiff heard something about her complaint is when Plaintiff overheard co-workers commenting that she should not have said anything and should "get over it."

25. For a short period of time (approximately one month), McGonnell stopped making the comments.

26. However, in or around November 2019, McGonnell's sexual harassment started again.

27. As Plaintiff did before, she told McGonnell to stop, but he refused.

28. At that point, Plaintiff realized that it was futile to make another complaint. Besides Defendant not taking the prior acts of harassment and discrimination seriously, Plaintiff also learned that McGonnell is friends with one of Defendant's owners, Steve Miklos. Moreover, Plaintiff's co-workers were witnessing the behavior and it did not seem to deter McGonnell.

30. Additionally, following Plaintiff's complaint, Nikolle Smith and Gina Smith told a friend of Plaintiff's spouse that Plaintiff was cheating on her and having sex with a co-worker.

31. On or about January 14, 2020, Plaintiff was issued a written reprimand by Nikolle Smith for being on her cell phone. Plaintiff was surprised by the written reprimand because Plaintiff's co-workers regularly used their cell phones and were not issued written reprimands. Plaintiff did not use her cell phone any more than any of her co-workers.

32. On February 14, 2020, Plaintiff was terminated from her job with Defendant. Nikolle Smith did not provide Plaintiff with a reason for her termination besides telling Plaintiff that the "decision was made to let you go."

## COUNT I
## TITLE VII – SEX HARASSMENT

33. Plaintiff, MILISSA MAZZITELLI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

34. Plaintiff, a female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

35. The aforementioned actions by Jason McGonnell constitute unwelcome sex-based harassment.

36. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

37. Defendant knew or should have known of the harassment of Plaintiff.

38. The aforementioned actions created a hostile environment and constitute discrimination on the basis of gender/sex, in violation of Title VII.

39. The sex-based harassment and conduct of McGonnell created a hostile work environment which interfered with Plaintiff's ability to perform her job.

40. Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

41. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

42. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – SEX HARASSMENT

43. Plaintiff, MILISSA MAZZITELLI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

44. Plaintiff, a female, is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

45. The aforementioned actions by Jason McGonnell constitute unwelcome sex-based harassment.

46. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

47. Defendant knew or should have known of the harassment of Plaintiff.

48. The aforementioned actions created a hostile environment and constitute discrimination on the basis of gender/sex, in violation of the Florida Civil Rights Act.

49. The sex-based harassment and conduct of McGonnell created a hostile work environment which interfered with Plaintiff's ability to perform her job.

50. Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

51. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

52. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## TITLE VII - SEX DISCRIMINATION

53. Plaintiff, MILISSA MAZZITELLI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

54. Plaintiff, a female, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII").

55. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

56. Defendant's adverse employment action toward Plaintiff was motivated by sex-based considerations.

57. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

58. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

59. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.      Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

60.    Plaintiff, MILISSA MAZZITELLI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

61.    Plaintiff, a female, is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

62.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

63.    Defendant's adverse employment action toward Plaintiff was motivated by sex-based considerations.

64.    Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

65. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

66. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT V
## TITLE VII – RETALIATION

67. Plaintiff, MILISSA MAZZITELLI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

68. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"). Specifically, Plaintiff opposed sex/gender and religious-based harassment and discrimination by making reasonable, good-faith complaints regarding the same.

69. In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when she was reprimanded, defamed, and discharged by Defendant.

70. Stated differently, the adverse employment actions suffered by Plaintiff at the hands of Defendant are causally connected to her opposition and resistance of sex/gender and religious-based harassment and discrimination.

71. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

72. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

73. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

   a. Back pay and benefits;

      b.      Prejudgment interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.      Punitive damages;

      f.      Attorneys' fees and costs;

      g.      Injunctive relief; and

      h.      For any other relief this Court deems just and equitable.

## COUNT VI
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

74.    Plaintiff, MILISSA MAZZITELLI, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-two (32).

75.    Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff opposed sex/gender and religious-based harassment and discrimination by making reasonable, good-faith complaints regarding the same.

76.    In retaliation for engaging in protected activity, Plaintiff suffered adverse employment actions when Plaintiff was reprimanded, defamed and discharged by Defendant.

77. Stated differently, the adverse employment actions suffered by Plaintiff at the hands of Defendants are causally connected to her opposition and resistance of sex/gender and religious-based harassment and discrimination.

78. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of the Florida Civil Rights Act.

79. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

80. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

 a. Back pay and benefits;

 b. Prejudgment interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

 e. Punitive damages;

 f. Attorneys' fees and costs;

 g. Injunctive relief; and

 h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

81. Plaintiff, MILISSA MAZZITELLI, demands a trial by jury on all issues so triable.

DATED this 12th day of February 2021.

**FLORIN GRAY BOUZAS OWENS, LLC**

/s/*Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*